Statute, the third element, subsection G3, and the fourth element, G4. The third element under the Certificate of Innocence Statute is that the petitioner has to show that he is innocent of the offenses charged in the indictment or information. And the key question is which offenses that refers to. It's our position that the offenses charged is limited by the other provisions of the statute. What the state argues is that it covers all offenses charged against the defendant, so that for Mr. Jones, he would have to prove that he's innocent of every single charge in the two different indictments. And we don't dispute that he's not, he can't do that for every single charge. But our position is that the court's review is limited to only the charges, to only the offenses of incarceration. This court considered the Certificate of Innocence Statute in a case called People v. McClinton. And in McClinton, the court held that subsection G3 is limited by subsection B. Subsection B covers what a Certificate of Innocence petitioner files with the court, what relief the petitioner can ask for. There have been other cases that have gone the other way. Yes. That question, has the Supreme Court ever decided? So this issue has not reached the Supreme Court. And as Your Honor states, and I'm sure that the state will reiterate, there are other cases that have gone the other way. In those cases, the courts have interpreted subsection G3 to require the petitioner to make a showing about all charges in the indictment or information. The different issue under that portion of the statute in a case called People v. Palmer, the defendant was convicted of murder and later exonerated. When he filed for a Certificate of Innocence, the state defended against the certificate by arguing a new theory of guilt that had not been raised at the original trial. They argued an agency theory that even though he was not the, even though he had not struck the blow that caused the murder, he was still responsible. The Supreme Court's ruling in Palmer, interpreting subsection G3, was that the state could not oppose a Certificate of Innocence based on a new theory of guilt. The quote from the Supreme Court is that the proper focus of subsection G3 is the original allegations as charged and prosecuted in petitioner's criminal trial. And it's our argument that the way that applies here is that the charges that the state voluntarily dismissed by Nalai Proseki are not ones that were charged and prosecuted in the petitioner's criminal trial. And so just like the state in Palmer could not rely on a new theory, our argument is that here the state can't rely on charges that it dismissed by Nalai Proseki. When Justice Carter wrote Palmer, he stated, I'm trying to find my page here, I don't know if I have it, that the petitioner had to prove that he was guilty of the crime as described in the indictment and focused only on the crime that was actually at issue. For incarceration. Did he expand? I actually think the holding in Palmer is broader than that, that one of the arguments the state raised was that the charge of murder could be proved either by the evidence they presented at trial, that Mr. Palmer was directly liable, or it could be proved under an agency theory, which doesn't have to be pleaded in the indictment. So in Palmer, the state was said to the court, we are just relying on what's in the indictment. And the Supreme Court's holding was that it wasn't that one, it was limited by what was in the indictment, but it was also limited by how the state prosecuted the case. And so in this case, in our case, we contend the same thing applies to the state, that when they chose, when the state made the decision to dismiss the charges by Nalai Proseki, they abandoned those charges. The case was talked about in Nalai Proseki as a formal notice that the state is abandoning a charge. And our position is that the Certificate of Innocence statute doesn't allow the state to bring those charges back, that there's no procedure for reanimating or reinstating them, I guess is the right word. The Supreme Court's Chenal opinion says it's, the statute of limitation implies that it's too late to reinstate those charges. But I think that Palmer supports our argument about only focusing on the offenses of incarceration, which were the ones that were charged and prosecuted. It's our position that language of the statute requires that, that as I was saying before, subsection B tells us that the petitioner can only seek relief for offenses for which he or she was incarcerated. Subsection H has the same limitation on what the certificate that the court can issue. It says that it shall enter a certificate finding that the petitioner was innocent of all offenses for which he or she was incarcerated. So the state's rule requiring a showing on other offenses has a mismatch with what the court is allowed to enter and what the petitioner is allowed to ask for. It's our position that the statute has to be read as a whole. That's a pretty fundamental canon of statutory construction, that we don't read the provisions in isolation, we read them all together. And those provisions limit the elements to the offense or offenses of incarceration. I think another point is that it's logical to make that limitation because the purpose of the certificate of innocence is to provide compensation for wrongful incarceration. And it wouldn't make any sense to require a showing of charges for which a petitioner was never incarcerated. Those are the arguments under G3. The state also argues that by pleading guilty, Mr. Jones voluntarily caused or brought about his conviction. Again, that's an issue that the court addressed in McClinton, and the holding was that a defendant cannot voluntarily cause an unconstitutional conviction. It's our position that that's consistent with contract law, which tells us that a party can't voluntarily enter into a void contract, and that contracts that are based on a misapprehension of law and fact are not voluntary. So that's why, in our view, subsection G4, which requires that the petitioner did not voluntarily cause or bring about the offense, doesn't bar Mr. Jones where he made his decision to plead guilty based on a misapprehension of law and entered into what the court later found was a void contract by pleading guilty. I have another question. What it looks like, yes. I apologize because it's a little esoteric, but I don't understand how a petitioner in a hearing, like is sketchily described in the statute, can prove his innocence when it's a criminal offense that requires, in the statute they say that in a hearing, the only evidence, it doesn't say the only, it says the evidence, the court can take judicial notice of evidence in the case below where the person was represented by counsel. And it says that specifically. If these cases involve charges that have been null pressed and there hasn't been a hearing on them, how do we get a criminal proof of innocence? I think that's an important consideration. I think the canonical case or what the legislature was thinking of is somebody who's found guilty and maybe there's DNA evidence exonerating them. And based on that, they can come into court and say the DNA evidence shows that it was somebody else who did it  In a case like this where the charges never had any hearing in court, where the state voluntarily dismissed the charges, I think it is a harder struggle. It would be much harder for the petitioner to come up with evidence to prove innocence. So I do think the court should take that into consideration. And to the best the court can, should follow the legislature's direction to give due consideration to difficulties of proof caused by the passage of time. And making this extra requirement of proving innocence of charges that the state voluntarily abandoned, I think is inconsistent with that. It's also inconsistent with another part of the statute where the legislature instructs that the purpose is to avoid substantive and technical obstacles in the law. And we would say don't add this substantive or technical obstacle. The only other point I want to raise is in one of these charges, the state has raised in their response brief for the first time, an argument that Mr. Jones conviction in the 2012 case was under a part of the statute that's not unconstitutional. That in their view, the circuit court shouldn't have vacated the conviction. The circuit court vacated the conviction back in 2020. The state didn't raise this argument until its response brief here three years later. It's our position that the state's concession, which it now wants to withdraw, which led to the court issuing its order, is collateral obstacle. That if the state wants to challenge that order and wants to withdraw its concession, it's got to do that in the 214-01 proceeding. That we're in a different proceeding now and collateral obstacle bars re-raising or challenging that final judgment. So unless the court has other questions, I will save everything for rebuttal and ask the court in this case to reverse, to vacate the judgment below and remand for entry of the certificate of innocence. I don't have any questions. OK. Thank you. Thank you. Ms. Allen, you can assist me. Thank you, Mr. Court, counsel, Laura Blackmon, and D.F. Cukunwole. We will ask this court to confirm the denial of the petition for certificate of innocence. There are four elements a petitioner must plead and prove in order to obtain a certificate of innocence. The verdict is on the petitioner to prove all four of those elements by a preponderance of the evidence. Here, the petitioner did not meet his verdict on two of those elements, G3 and G4. The shortest path to a verdict is under G3. Under G3, the petitioner was required to prove that he was innocent, but the offense is charged in the indictment. And as discussed in Warner Brown and Hilton, that language includes charges that are not brought under the agreement. Those cases are persuasive. They're fully covered in 9-3. I rest on the arguments made in my brief concerning those. And here in both cases, male offenses were charged in the indictment, and petitioner has admitted that he can't prove his innocence although he has a charge here, so he has not met his verdict as to G3. These cases, they're both just Warner Brown and Hilton, again. And I really don't have anything to add to the argument on G4 from my brief. So if there's no questions, we will ask this court to affirm the denial of the petition for certificate of innocence. Are there any questions? I don't have any questions. No. Mr. Flaxman, any rebuttals? Only if there are questions. No questions. Okay. Thank you. We thank both of you for your arguments. We will take the matter under advisement and we'll issue a written decision as quickly as possible.